a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MUSTAFA MOHAMED MAHMOUD ABDALLA #A221-148-465, Petitioner | CIVIL DOCKET NO. 1:25-CV-01447 SEC P |
| VERSUS | JUDGE EDWARDS |
| U S IMMIGRATION & CUSTOMS ENFORCEMENT ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1, 10) filed by pro se Petitioner Mustafa Mohamed Mahmoud Abdalla ("Abdalla"), an immigration detainee at River Correctional Center in Ferriday, Louisiana. Abdalla challenges the legality of his continued detention.

Because Abdalla's removal is not likely to occur in the reasonably foreseeable future, the Petition should be GRANTED.

## I.    Background

Abdalla is a native and citizen of Sudan who has been detained by ICE since August 23, 2024. ECF Nos. 1; 18-1 at 1. An immigration judge ordered him removed to Sudan on January 30, 2025, but granted withholding. *Id. .*

On March 18, 2025, Enforcement and Removal Operations ("ERO") "reached out to three alternative removal countries." ECF No. 18-1 at 2. On July 16, 2025, ERO "reached out to an alternate country of Guatemala, with no responses." *Id.*

1

## II.    Law and Analysis

The Court has jurisdiction to consider Abdalla's challenge to his continued post-removal order detention. *See Nguyen v. Noem*, No. 5:25-CV-176, 2026 WL 237282, at *6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it. Thus, . . . the Court retains jurisdiction to review his detention.").[1] After a detainee is ordered removed, the Government has 90 days within which to effectuate the removal. *See* 8 U.S.C. § 1231(a)(1)(A).

However, § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas*, 533 U.S. at 701. In fact, detention for up to six months is "presumptively reasonable." *Id.* However, if the detainee "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing or release him." *Id.*; *see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures).

The petitioner bears the initial burden of demonstrating that rremoval is not likely in the reasonably foreseeable future. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006). The detainee's claim must be supported by more than mere

---

[1] *See also Kokoreva v. Unknown Party*, No. 3:25-CV-1700, 2025 WL 2981626, at *2 (N.D. Tex. Oct. 7, 2025) ("[T]he Court retains jurisdiction to review a noncitizen's detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") (quotation omitted), *report and recommendation adopted*, No. 3:25-CV-1700, 2025 WL 2980642 (N.D. Tex. Oct. 22, 2025); *Yousef v.Warden Richwood Corr. Ctr.*, No. 25-CV-1947, 2025 WL 3784489, at *2 (W.D. La. Dec. 10, 2025), *report and recommendation adopted*, No. 25-CV-1947, 2026 WL 19378 (W.D. La. Jan. 2, 2026).

"speculation and conjecture." *Idowu v. Ridge*, No. 03-cv-1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

Abdalla has been detained well beyond the presumptively reasonable period; the presumption of reasonableness no longer applies. *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025). And Abdalla has satisfied his removal is not likely in the reasonably foreseeable future. He was granted withholding of removal to Sudan, the only country of which he is a citizen. And no country that has been contacted has responded to the Government's request, much less agreed to accept Abdalla. ECF No. 12-1. Abdalla has now been detained by the Government for 18 months, including 12 months after his removal order became final. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701.

The burden therefore shifts to the Government to come forward with evidence of a significant likelihood that Abdalla will be deported in the reasonably foreseeable future. The Government presents a declaration of Assistant Field Office Director Charles Ward ("Ward"), dated January 27, 2026, which contains a vague assertion that ERO contacted three countries—none of which Ward identifies —on March 18, 2025. ECF No. 18-1 at 2. The only other communication attempt was a request sent to Guatemala on July 16, 2025, which was ignored. *Id.*

Although Ward attests that "ERO is continuing to work with the Headquarters Removal Division and the United States Department of State for an alternative

country of removal," there are no documented efforts to identify or contact a third country since July 2025. The Government is thus no closer to removing Abdalla now than it was a year ago. *Id.*

"A remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." *Nguyen v. Noem*, 5:25-CV-176, 2026 WL 237282, at *9 (S.D. Tex. Jan. 28, 2026) (citing *Balouch v. Bondi*, 2025 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025) (citation omitted)).

Whatever latitude § 1231(a)(6) and executive policy may afford for temporary, good-faith efforts to secure travel documents, they do not permit the Government to hold anyone on American soil and in civil detention for nearly two years while it waits on speculative, undefined, and shifting possibilities of removal to countries whose willingness to receive him remain uncertain. *See Zadvydas*, 533 U.S. at 689–701. On this record, Abdalla has plainly provided good reason to believe there is no significant likelihood of his removal in the foreseeable future, and the Government has failed to meet its burden to refute that assertion.

4

III.    Conclusion

Because there is no substantial likelihood of Abdalla's removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition (ECF Nos. 1, 10) be GRANTED and Abdalla be released.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, March 13, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

5